UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VALENTINE,<br><br>                           Plaintiff,<br><br>v.<br><br>JOHN F. KELLY, Secretary of the Department of Homeland Security, et al.,<br><br>                          Defendants. | Case No.: 16-CV-2357 W (KSC)<br><br>**ORDER GRANTING ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br>**[DOC. 13]** |

      Plaintiff Richard Valentine's counsel, Grady and Associates ("Grady"), has filed a motion to withdraw as attorney of record. The motion is unopposed.

      "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D.Cal. 2009) (citing Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, at *1 (E.D.Cal. 2009)).

      Grady contends there are two reasons it seeks to withdraw as Plaintiff's counsel. First, it contends Plaintiff "has refused to follow attorney's advice on a material matter"

and under the "attorney-client agreement, this refusal is good cause for the granting of a motion to withdraw." (*P&A* [Doc. 13] 2:14–16.) Second, Grady contends Plaintiff has failed to pay his attorney's fees as required under the attorney-client agreement, and "currently owes the firm $17,244.00 in unpaid, past due fees and required retainer replenishment." (*Id.* 2:21–23; *Grady Decl.* [Doc. 13-1] ¶ 8.) Under California Rule of Professional Conduct 3-700(C)(1)(f), Plaintiff's failure to pay attorney's fees is a sufficient basis for granting Attorney's motion to withdraw. See UMG Recordings, Inc. v Music Group, Inc., 2008 WL 11287018 (C.D. Cal. 2008) (citing People v. Prince, 268 Cal.App.2d 398, 407 (1968)).

Additionally, there is nothing in the record suggesting that Grady's withdrawal will prejudice the litigants in this matter, will harm the administration of justice or unduly delay the resolution of this case. Grady represents that the matter is nearing the end of discovery, and that a substantial amount of discovery has been completed. (*Grady Decl.* ¶ 12.) Aside from this motion, there are currently no pending motions on the docket, and the pretrial conference is not scheduled until August 6, 2018. (*Id.*; *Sched. Order* [Doc. 9] ¶ 17.) Grady has also notified and served a copy of this motion on Plaintiff (*Grady Decl.* ¶ 11; *Cert. of Service* [Doc. 13-3]) and the Defendant has filed a statement of non-opposition (*Non-Opp'n* [Doc. 19]).

For all these reasons, the Court **GRANTS** Grady's motion to withdraw as attorney of record for Plaintiff Richard Valentine [Doc. 13]. Grady is **ORDERED** to serve a copy of this order on Plaintiff.

**IT IS SO ORDERED.**

Dated: December 13, 2017

Hon. Thomas J. Whelan
United States District Judge