UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VALENTINE,<br><br>                        Plaintiff,<br>v.<br><br>KRISTJEN NIELSEN, Secretary, Department of Homeland Security (Customs and Border Protection),<br>                        Defendant. | Case No.: 16cv2357-W(KSC)<br><br>**ORDER RE: (1) JOINT MOTION TO AMEND THE SCHEDULING ORDER [Doc. No. 25]; AND (2) SUPPLEMENTAL JOINT MOTION TO AMEND THE SCHEDULING ORDER [Doc. No. 30]** |

Before the Court is a document filed by plaintiff on January 30, 2018, entitled "Joint Motion and Request to Amend the Scheduling Order to Extend Time to Conduct Discovery" ("Joint Motion"). [Doc. No. 25.] In this "Joint Motion," plaintiff seeks an order re-opening fact discovery for 60 days to propound additional discovery requests and complete four depositions. Also before the Court is defendant's Opposition to plaintiff's "Joint Motion." [Doc. No. 26.] According to a Declaration submitted by defense counsel, plaintiff's Motion is not "Joint," because plaintiff did not advise defendant that the "Joint Motion" was being filed and did not give defendant an opportunity to contribute to the "Joint Motion." [Doc. No. 26, at pp. 1-2; Doc. No. 26-1, at pp. 1-2.]

1

On March 1, 2018, while the above-referenced "Joint Motion" was pending, the parties filed another document entitled "Supplemental Joint Motion Re: Discovery Dispute" ("Supplemental Joint Motion"). [Doc. No. 30.] In this Supplemental Joint Motion, plaintiff once against seeks an order re-opening fact discovery to propound additional written discovery requests and to complete four depositions. [Doc. No. 30, at p. 12.] This time, defendant was given an opportunity to contribute to the Supplemental Joint Motion and has, once again, opposed plaintiff's request for more time to complete fact discovery and depositions. [Doc. No. 30, at pp. 13-23.] For the most part, the "Joint Motion" and Supplemental Joint Motion are the same, but the Supplemental Joint Motion includes additional arguments and information for the Court to consider.

Based on a review of the parties' arguments, the Court finds that plaintiff's request to amend the Scheduling Order to re-open fact discovery for another 60 days must be DENIED. However, the Court finds that plaintiff's request for additional time to complete four depositions must be GRANTED. The Court will briefly extend the deadline for completing certain depositions and require that plaintiff be permitted to attend the depositions in person regardless of the location where the depositions take place.

## *Background*

Plaintiff's Complaint alleges employment discrimination, retaliation, and wrongful termination, but plaintiff's retaliation cause of action was dismissed by the District Court in an Order filed on December 5, 2017. [Doc. No. 1, at pp. 1-8; Doc. No. 21.] The wrongful termination alleged in the Complaint occurred on July 6, 2010. [Doc. No. 1, at p. 3.] Thereafter, the Complaint states that plaintiff "filed timely charges with the Agency and later the United States Equal Employment Opportunity Commission," and "timely exhausted all of his administrative remedies." [Doc. No. 1, at p. 6.] Since the Complaint was filed on September 19, 2016, the case has been pending for more than a year. The alleged wrongful acts in the Complaint occurred more than seven years ago. [Doc. No. 1, at p. 3.]

On May 18, 2017, a Scheduling Order was issued setting a September 15, 2017 deadline for completing fact discovery. [Doc. No. 9, at pp. 1-2.] On August 29, 2017, plaintiff filed a Motion seeking a 60-day extension of time for the limited purpose of completing depositions. Defendant did not object to the request for an extension. The reason for the request was scheduling difficulties. [Doc. No. 11, at pp. 1-2.] The Court granted the request and extended the discovery deadline until November 17, 2017 for the limited purpose of completing depositions. [Doc. No. 12.]

On October 30, 2017, counsel filed an Ex Parte Motion to Withdraw As Plaintiff's Attorney. [Doc. Nos. 13.] Shortly thereafter, on November 8, 2017, plaintiff filed a second Motion to Extend Time for Taking Depositions. In this Motion, plaintiff requested an additional 90 days for the limited purpose of taking depositions. The Motion represented that additional time was needed, because plaintiff's counsel was still "meeting and conferring" with defense counsel seeking to resolve "perceived deficiencies" in defendant's responses to plaintiff's written discovery requests and would not be able to take depositions until these issues were resolved. [Doc. No. 15, at pp. 1-2; Doc. No. 15-1, at p. 2.] The Motion also mentions that plaintiff's counsel was seeking to withdraw from the case and that a Motion to Withdraw was pending. [Doc. No. 15-1, at p. 2.] Defendant did not object to the request for an extension. [Doc. No. 15-1, at p. 2.] The Court granted the request and, once again, extended the time for completing depositions until February 9, 2018. [Doc. No. 17.]

On December 13, 2017, the District Court granted the Motion to Withdraw. [Doc. No. 22.] On the next day, December 14, 2017, plaintiff's new counsel filed a Notice of Appearance as Attorney of Record. [Doc. No. 23.]

### ***Discussion***

**I.** ***Plaintiff's "Joint Motion" [Doc. No. 25]."***

Defendant argues that plaintiff's "Joint Motion" should be denied, because plaintiff failed to satisfy the meet and confer requirements and did not follow established procedures in filing the "Joint Motion." [Doc. No. 26.] The Court agrees. In addition,

3

the "Joint Motion" is now moot because the same issues were raised in the Supplemental Joint Motion. [Doc. Nos. 25, 30.]

Chambers' Rule IV(C), Requests to Amend the Schedule, states that: "Any requests for extensions must be preceded by a 'meet and confer' conference by counsel. The Court prefers any motion to amend the schedule be brought as a joint motion, even if the parties disagree. . . ."

Local Rule 26.1(a) further states as follows: "The court will entertain no motion pursuant to Rules 26 through 37, Fed.R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. . . . If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1(a). *See also* Chambers Rule V(B).

Procedurally, plaintiff's "Joint Motion" misses the mark for two reasons. First, the record shows that plaintiff's counsel filed the "Joint Motion" without providing defense counsel an opportunity to contribute to the motion. [Doc. No. 26-1, at pp. 1-2.] In support of the "Joint Motion," plaintiff's counsel submitted a Declaration merely stating that he "met and conferred" with defense counsel, who indicated he was opposed to an extension of the discovery deadline. [Doc. No. 25, at p. 3.] As a result, the title "Joint Motion" is misleading and inappropriate under the circumstances, because defense counsel was not given an opportunity to contribute to the "Joint Motion" and explain why he opposed this new request for an extension of time. [Doc. No. 26-1, at pp. 1-2.]

Second, the Declaration submitted by plaintiff's counsel in support of the initial Motion does not include enough detail to establish that the meet and confer requirements set forth in Chambers' Rules and the Local Rules were satisfied before the Motion was filed. [Doc. No. 25, at p. 3.] By contrast, a Declaration submitted by defense counsel states that he only had one telephone conversation with plaintiff's counsel before the "Joint Motion" was filed and the discussion involved the sufficiency of defendant's

4

responses to written discovery. [Doc. No. 26-1, at pp. 2-3.] The Declaration also states that plaintiff's counsel did not request an "in person" meeting and no such meeting took place before the "Joint Motion" was filed. [Doc. No. 26-1, at p. 2.] Under these circumstances, the Court can only conclude that plaintiff did not satisfy the meet and confer requirements before filing the "Joint Motion."

Apparently because he realized he did not follow established procedures after he received and reviewed defendant's Opposition to the "Joint Motion," plaintiff's counsel then filed the Supplemental Joint Motion on February 28, 2018. [Doc. No. 30.] In connection with the Supplemental Joint Motion, both counsel represented in declarations that they satisfied the meet and confer requirements. [Doc. No. 30-1, at p. 6; Doc. No. 30-3, at p. 6.] In addition, it is apparent that defense counsel was given an opportunity to contribute to the Supplemental Joint Motion. [Doc. No. 30-1, at p. 3; Doc. No. 30, at pp. 13-23.] It is also apparent that the Supplemental Joint Motion is a replacement for the original "Joint Motion." However, plaintiff's counsel did not withdraw the "Joint Motion." Based on a review of the docket, it appears that plaintiff's counsel may have attempted to do so without success. [Doc. No. 28, 29, 31, 32.] Accordingly, the Court finds that plaintiff's initial "Joint Motion and Request to Amend the Scheduling Order" must be DENIED as moot. This "Joint Motion" must also be DENIED, because plaintiff did not satisfy the meet and confer requirements and did not give defendant an opportunity to contribute to the Joint Motion. [Doc. No. 25.] Instead, the Court will consider the Supplemental Joint Motion, which raises the same issues. [Doc. No. 30.] In addition, the Court will consider factual information that was set forth in the Joint Motion but not repeated in the Supplemental Joint Motion.

## II.  *Plaintiff's Request to Re-Open Fact Discovery.*

As noted above, fact discovery has been closed since September 15, 2017 and was only extended twice to February 9, 2018 for the limited purpose of completing certain depositions. [Doc. No. 9, at pp. 1-2; Doc. No. 12; Doc. No. 17.] On January 30, 2018, plaintiff's new attorney filed the above-referenced "Joint Motion" seeking to amend the

Scheduling Order. This "Joint Motion" was filed more than a month after plaintiff's new counsel appeared in the case on December 14, 2017. [Doc. No. 25, at p. 1.] Plaintiff's new attorney attributes this delay in seeking another modification of the schedule to the holidays and the time it took to obtain the file from plaintiff's former counsel and review all the documents previously produced in the case. [Doc. No. 25, at pp. 3-4; Doc. No. 23.]

In the Supplemental Joint Motion filed on February 28, 2018, plaintiff seeks to re-open discovery for a period of 60 days, not only to complete depositions but also to serve supplemental interrogatories, document requests, and requests for admissions. In addition, plaintiff's new counsel intends to file a motion to compel further responses to prior discovery requests, even though it is apparent that the deadline for doing so expired some time ago.[1] [Doc. No. 30, at p. 3.] In a Declaration submitted in support of the Motion, plaintiff's counsel states that he believes there is good cause to re-open discovery, because the discovery previously completed by plaintiff's prior counsel was incomplete and inadequate. [Doc. No. 30-1, at pp. 1-3.] Most significantly, plaintiff claims that defendant provided evasive and inadequate responses to written discovery, but plaintiff's former counsel did not submit any motions to compel. [Doc. No. 30-1, at p. 2.] Defendant has consistently represented that its written discovery responses are complete and accurate and contends that plaintiff's "concerns with the responses are not legally valid." [Doc. No. 26-1, at p. 2; Doc. No. 15, at p. 3.]

---

[1] The Scheduling Order states that: "All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue." [Doc. No. 9, at p. 2.] As noted above, the fact discovery deadline in this case was September 15, 2017 [Doc. No. 9, at pp. 1-2] and was only extended for the purpose of completing depositions [Doc. Nos. 12, 17], so it appears that the 45-day deadline for filing discovery motions related to written discovery responses also expired long ago.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. . . ." Fed.R.Civ.P. 26(b)(2)(C)(ii).

A scheduling order "must limit the time to . . . complete discovery . . . ." Fed.R.Civ.P. 16(b)(3). "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Good cause for an extension exists when the moving party requests additional time before the original time expires and demonstrates he cannot meet the deadline despite exercising due diligence. Fed.R.Civ.P. 6(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

In this Court's view, plaintiff has not shown good cause to re-open discovery at this late date in the proceedings in order to serve defendant with a very broad range of new written discovery requests and to submit motions to compel further responses to prior written discovery requests. The reason for the request to re-open discovery is a belief by plaintiff's counsel's that prior counsel "severely prejudiced" plaintiff. Doc. No. 30, at p. 5.] According to plaintiff's new counsel, defendant provided "incomplete," "evasive," and/or "inadequate" responses to written discovery requests, but plaintiff's former counsel failed to complete the meet and confer process and then failed to file a motion to compel defendant to provide further responses to these discovery requests. [Doc. No. 30, at pp. 4-5.] Plaintiff's new counsel also believes that a motion to compel would have resulted in the disclosure of "material information that will be necessary to adequately depose approximately four individuals before trial." [Doc. No. 30, at pp. 5-6.] Plaintiff's arguments are unsupported by the record and unconvincing.

7

First, standing alone, substitution of new counsel into a case is not enough to justify an extension of the deadlines in a scheduling order. "Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for [prior] negligent acts or omissions of his counsel." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Parties may be able to satisfy the "good cause" standard if they can show that a prior attorney's actions were "grossly negligent." *Id.* at 1168-1169. *See also Yeager v. Yeager*, No. 2:06-CV-001196-JAM(EFB), 2009 WL 1159175, at 2 (E.D. Cal. Apr. 29, 2009), citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'")

Second, there is nothing to establish that plaintiff has been "severely prejudiced" or that plaintiff's former attorney was "grossly negligent" in pursuing discovery in the case. [Doc. No. 30, at p. 5.] Generally, "specific examples or articulated reasoning" are required to establish prejudice; broad, unsubstantiated allegations of harm are not enough. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Here, no specific facts were presented to support the conclusory allegation that plaintiff has been "severely prejudiced," because "material information" was not disclosed in response to written discovery requests. [Doc. No. 30, at p. 5.]

Third, no specific facts have been presented to indicate plaintiff's former attorney was "grossly negligent" in pursuing discovery in the case. As presented, the circumstances at most suggest it is merely possible that plaintiff's former attorney was negligent in pursuing discovery. However, it is just as likely based on the facts and circumstances presented that any failure to timely file a motion to compel further responses to written discovery was the result of a reasonable tactical decision. In this

regard, defense counsel submitted a copy of a 12-page "meet and confer" letter dated October 26, 2017. This letter was written to defense counsel by plaintiff's former attorney and sets forth detailed arguments as to why counsel believed defendant's responses to various written discovery requests were inadequate or incomplete. [Doc. No. 30-6, at pp. 12-24.] After receiving this letter, defense counsel represented that he had a telephone conversation with plaintiff's former attorney about the matters raised in the meet and confer letter. [Doc. No. 30, at p. 21.] In addition, defense counsel has consistently taken the position that defendant's responses to plaintiff's written discovery requests are complete and adequate under the circumstances. [Doc. No. 26, at pp. 2-3; Doc. No. 26-1, at p. 2; Doc. No. 15-1, at p. 2.]

Based on a brief review of the meet and confer letter, it is apparent that this document could easily have been converted to a joint motion for determination of discovery dispute and submitted to the Court for consideration with a request to compel further responses. Instead, the record indicates that plaintiff's former attorney filed two requests for additional time to complete depositions ***without*** requesting additional time to complete other fact discovery or to file a discovery motion. [Doc. Nos. 11, 15.] The first request for an extension was filed on August 29, 2017 [Doc. No. 11], prior to the September 15, 2017 deadline for completing fact discovery [Doc. No. 9, at p. 1]. At this time, plaintiff's counsel indicated that defendant's responses to written discovery were not due until September 5, 2017, but he only requested additional time to complete depositions [Doc. No. 11, at pp. 2-3]. The deadline for completing depositions was extended to November 17, 2017. [Doc. No. 12.]

When the second request for an extension was made on November 8, 2017, plaintiff's counsel indicated he was in the process of meeting and conferring with defendant's counsel about perceived deficiencies in defendant's responses to written discovery. However, counsel made no request for additional time to complete the meet and confer process or to file a motion to compel even though such a request would have been prudent and reasonable under the circumstances at that time. [Doc. No. 15, at p. 2;

9

Doc. No. 15-1, at p. 2.] Counsel only requested additional time to "take depositions." [Doc. No. 15, at p. 3.] As a result, the Court extended the "the time for completing discovery for a period of 90 days until February 9, 2018 *solely for the purpose of taking depositions.*" [Doc. No. 17 (emphasis added).]

Without more, it appears based on all of the facts and circumstances presented to the Court that plaintiff's former attorney simply made a tactical decision to forego filing a discovery motion but to make sure there was more time to complete depositions. Counsel may have reasonably believed the depositions were more important and would be more productive than pursuing further responses to written discovery requests. Thus, without more, there is nothing to establish gross negligence on the part of plaintiff's former attorney in pursuing discovery in the case.

As defendant contends, it appears that "after seven and a half years of litigation, plaintiff wants to restart the case." [Doc. No. 26, at p. 5.] However, the parties have had ample time to complete written discovery. The case was filed after administrative proceedings took place, and it has been pending in this Court for more than a year, since the Complaint was filed on September 19, 2016. [Doc. No. 1, at pp. 1-8.] Following initial disclosures on April 24, 2017, the parties had about ten months to complete fact discovery, not to mention the time permitted for discovery during the underlying administrative proceeding. [Doc. Nos. 8, 9, 12, 17.] In this regard, defendant's Opposition to plaintiff's Motion includes a supporting Declaration by defense counsel which states in part as follows:

> Both parties have conducted extensive discovery. During the EEO proceedings, both parties exchanged interrogatories and production requests. They also obtained statements from 11 different witnesses, and took four depositions. In this District Court litigation, the parties exchanged new sets of interrogatories and production requests, as well as requests for admissions. Defendant has produced 2,019 pages of documents since the start of discovery in this case. Plaintiff has produced 647 pages of documents. (That does not include documents the parties produced during the EEO proceedings.) I deposed Plaintiff, and I sent expert reports from

10

16cv2357-W(KSC)

    Defendant's expert witnesses – economist, Brian Brinig, and physiatrist,
    Dr. Alan Abrams – to Plaintiff's counsel.

[Doc. No. 26-1, at p. 3.]

  In sum, based on the information presented, plaintiff has not established good cause to re-open fact discovery. Therefore, the Court finds that plaintiff's request to re-open fact discovery at this late date in the proceedings must be DENIED. [Doc. No. 30.]

### *III. Plaintiff's Request to Extend Time to Complete Certain Depositions.*

  The Supplemental Joint Motions includes a detailed history of four depositions that were scheduled and re-scheduled three different times, only to then be cancelled by plaintiff's former and current attorneys. [Doc. No. 30, at pp. 14-20.] For purposes of the pending Supplemental Joint Motion, only the third cancellation is relevant.

  As noted above, the time for completing depositions was twice extended and the final deadline was February 9, 2018. After substituting into the case on December 14, 2017, plaintiff's new counsel contacted defense counsel by telephone on January 18, 2018 to discuss the status of discovery and indicated he did not intend to take any depositions. [Doc. No. 30, at p. 16.] However, on January 31, 2018, plaintiff's counsel contacted defense counsel by telephone again and indicated he changed his mind. Counsel later reached an agreement to schedule all four depositions for February 8, 2018, at defendant's place of business, the Otay Mesa Port of Entry. [Doc. No. 30, at pp. 16- 17.] However, when defense counsel learned that plaintiff planned to personally attend the depositions, he indicated plaintiff would not be granted access to the facility. [Doc. No. 30, at p. 18.] Defense counsel responded that excluding plaintiff from the depositions was "unacceptable," and offered the "simple solution" of changing the location. [Doc. No. 30, at p. 18.] Defense counsel replied that he could not relocate the depositions, stating: "Each witness will be working on [February 8], but will take a break from their duties for their depositions. It was extremely difficult for us to even coordinate this schedule, switching depositions to a different location is just not possible on such short notice." [Doc. No. 30, at p. 18.]

When plaintiff's counsel inquired as to why plaintiff would not be given access to attend the depositions, defense counsel explained as follows:

> As you know, Mr. Valentine has strong feelings about this case. For safety and security reasons, CBP is not comfortable having him return to the secure facility he was terminated from, to sit in a room with people that he claims wrongfully terminated him, and listen to testimony regarding his termination.

[Doc. No. 30, at p. 19.]

Plaintiff's counsel responded that he was not willing to proceed with the depositions unless plaintiff was present and asked if defense counsel would agree to another extension so the depositions could be re-scheduled for another location after the February 9, 2018 deadline. [Doc. No. 30, at p. 19.] Defense counsel stated he could not agree to another extension, so plaintiff's counsel cancelled the depositions. [Doc. No. 30, at p. 20.]

Federal Rule of Civil Procedure 30(c)(1) provides in part as follows: "The examination and cross-examination of a deponent proceed as they would at trial . . . ." Fed.R.Civ.P. 30(c)(1). "Neither the Fifth Amendment's due process clause nor the Seventh Amendment's guarantee of a jury trial grants to a civil litigant the absolute right to be present personally during the trial of his case." *Helminski v. Ayerst Labs., a Div. of Am. Home Prod. Corp.*, 766 F.2d 208, 213 (6th Cir. 1985). On the other hand, "a court may not exclude arbitrarily a party who desires to be present merely because he is represented by counsel; such exclusion would violate the due process clause of the Fifth Amendment." *Id.*

Federal Rule of Civil Procedure 26(c)(1) states in part as follows: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while the discovery is conducted. . . ." Fed.R.Civ.P. 26(c)(1)(E). However, since "a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection," a party may only be excluded from a deposition under "extraordinary circumstances."

*Hines v. Wilkinson*, 163 F.R.D. 262, 266 (1995), citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (stating that the exclusion of a party from a deposition should "rarely" be ordered). In other words, "[f]actors that might justify exclusion of non-parties from a deposition might not be sufficient to exclude parties because of the parties' more substantial interest in being present." *Id.* Thus, "a particular and individualized showing of good cause" is required to exclude a party from a deposition under Rule 26(c)(1)(E). *Id.*

"[S]tereotyped and conclusory statements" are not enough to establish "good cause" for a protective order precluding a party from a deposition under Rule 26(c)(1). *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (1999). Rather, a party seeking to exclude an opposing party from a deposition has the burden to make a "specific showing of harm." *Id.* That showing must be "more than ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation." *Id.*

In this Court's view, it was not appropriate for plaintiff to be advised he would not permitted to personally attend the four depositions that were scheduled in this case for February 8, 2018. For the reasons outlined above, a party to a lawsuit may not be excluded from attending depositions merely because he has "strong feelings" about the merits of the case or because his presence may cause other parties to feel uncomfortable. These are the type of "garden variety" facts that are present in all civil actions and therefore cannot constitute "good cause" for excluding a party from a deposition. *Jones v. Circle K Stores, Inc.*, 185 F.R.D. at 224. Generalized "safety and security" concerns are also not enough, when unsupported by specific facts to establish "extraordinary circumstances." *Hines v. Wilkinson*, 163 F.R.D. at 266. In *Galella v. Onassis*, 487 F.2d 986, for example, the excluded party had previously demonstrated a complete disregard for the judicial process and there was cause to believe he would harass the deponent. *Id.* at 997. Therefore, the Court finds that plaintiff's request for an order extending the deadline to complete depositions must be GRANTED. The deadline for completing the

four depositions that were previously scheduled for February 8, 2018 will be briefly extended so that these depositions can be re-scheduled.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's "Joint Motion" requesting to amend the Scheduling Order is DENIED. [Doc. No. 25.] Plaintiff failed to: (1) follow established procedures; and (2) satisfy the meet and confer requirements. In addition, plaintiff's "Joint Motion" is moot, because the Supplemental Joint Motion was filed seeking the same relief.

IT IS FURTHER ORDERED that the Supplemental Joint Motion is GRANTED in part and DENIED in part. The Supplemental Joint Motion is DENIED to the extent it seeks to re-open fact discovery for 60 days to propound additional written discovery and file a motion to compel. Plaintiff failed to show good cause to re-open discovery. The Supplemental Joint Motion is GRANTED to the extent it requests additional time to complete four depositions that were previously scheduled for February 8, 2018.

IT IS FURTHER ORDERED that counsel shall meet and confer to determine an appropriate time, date, and location to re-schedule the depositions of Doug Hall, Edwin Manalastas, Rosa Hernandez, and Rosalinda Maizuss. Plaintiff may not be excluded from personally attending any of these depositions. Unless otherwise agreed by the parties, all of the depositions shall be scheduled for the same day and at the same location. Each of the depositions should be as brief as possible as all of these witnesses were previously deposed or provided written statements. [Doc. No. 30, at p. 21 n. 43.] The depositions shall be completed no later than *March 29, 2018*.

IT IS SO ORDERED.

Dated: March 7, 2018

Hon. Karen S. Crawford
United States Magistrate Judge

14

16cv2357-W(KSC)