FILED

JUL 27 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. VALENTINE,<br><br>Plaintiff,<br><br>v.<br><br>KRISTJEN NIELSEN, Secretary, Department of Homeland Security (Customs and Border Protection),<br><br>Defendant. | Case No.: 16cv2357-W(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (CONTINUED DEPOSITION OF ROSALINDA MAIZUSS)**<br><br>**[Doc. No. 38.]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 38.] In the Joint Motion, plaintiff seeks an order compelling plaintiff's former supervisor, Rosalinda Maizuss, to appear for a continued deposition. [Doc. No. 38, at pp. 1-10.] Defendant opposes plaintiff's request for a number of reasons. [Doc. No. 38, at pp. 11-23; Doc. No. 33.]

The background for plaintiff's request for a continued deposition of Ms. Maizuss is set forth in the Court's prior Order of March 9, 2018, and the Court will not repeat that information here, except to reiterate that the discovery deadline in this case has already been continued several times, and plaintiff has had more than enough time in this case to

complete discovery. [Doc. No. 33, at pp. 1-14.] In the March 9, 2018 Order, the Court reopened discovery until March 29, 2018 for the sole purpose of allowing plaintiff to *briefly* re-depose four witnesses, one of whom was Ms. Maizuss. All four depositions were to be scheduled for the same day and at the same location unless otherwise agreed by the parties. [Doc. No. 33, at p. 14.] The March 9, 2018 Order specifically states as follows: "Each of the depositions should be as brief as possible as all of these witnesses were previously deposed or provided written statements." [Doc. No. 33, at p. 14.]

As agreed by the parties, Ms. Maizuss was present for her deposition on March 20, 2018 at 2:00 p.m., as agreed. However, plaintiff's counsel arrived late on that date, so the planned depositions did not begin on time. The deposition of Edwin Manalastas, which was scheduled to begin at 9:30 a.m., did not start until 9:52 a.m. [Doc. No. 38, at p. 14.] Although the next deposition of Doug Hall was scheduled to begin at noon, plaintiff's counsel continued to question Mr. Manalastas until 2:32 p.m., more than two hours over the scheduled time. As a result, Mr. Hall's deposition began about 3:00 p.m. instead of noon. The deposition of Ms. Maizuss did not commence until 6:15 p.m., more than four hours late. [Doc. No. 38, at pp. 11, 13-14.] Defense counsel ended the deposition of Ms. Maizuss about 6:30 p.m., because he could not stay any longer. [Doc. No. 38, at p. 15.] During the brief time he had to question Ms. Maizuss, plaintiff's counsel did not ask her any substantive questions about the facts of the case. [Doc. No. 38, at pp. 15-16.]

In the Joint Motion, plaintiff argues that it is "absolutely necessary" for plaintiff to have additional time to depose Ms. Maizuss, because she was plaintiff's supervisor at the time at issue in the Complaint, and she is the only witness who allegedly observed the acts and omissions leading to plaintiff's termination. [Doc. No. 38, at p. 3.] Defendant argues that plaintiff's request should be denied, because the motion is untimely and because Ms. Maizuss has already responded to the questions plaintiff claims he needs to ask her. [Doc. No. 38, at p. 18.] In addition, defendant argues it would be prejudiced if another deposition of Ms. Maizuss is allowed, because it has already filed a summary judgment motion. [Doc. No. 38, at p. 18.] Defendant believes that the deposition of Ms. Maizuss

may have been intentionally delayed, because plaintiff hoped to obtain a continuance to depose Ms. Maizuss after defendant filed its summary judgment motion in order to gain some advantage in opposing the summary judgment motion. Although the Court will afford plaintiff the benefit of the doubt, the facts and circumstances, as presented, are supportive of defendant's suspicion. [Doc. No. 38, at pp. 11-23.]

"A schedule may be modified only for good cause and with the judge's consent." Fed. R.Civ.P. 16(b)(4). [*See also* Doc. No. 9, at p. 6 (indicating that the dates in the Scheduling Order "will not be modified except for good cause shown").] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Recently, the Ninth Circuit has instructed that the following factors should be considered when ruling on a motion to amend a Rule 16 scheduling order to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). In addition, under Federal Rule of Civil Procedure 26(b)(2)(C), "the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. . . ." Fed.R.Civ.P. 26(b)(2)(C).

In support of plaintiff's contention that a continued deposition of Ms. Maizuss is "absolutely necessary," plaintiff cites portions of the deposition of another witness, Rosa Hernandez, who indicated in response to various questions that Ms. Maizuss would be able to respond to those questions. [Doc. No. 38, at pp. 8-10.] However, defendant presented persuasive arguments in opposition to plaintiff's request for more time to depose Ms. Maizuss, including convincing evidence that the various questions cited by plaintiff as

being "absolutely necessary" are either irrelevant or have already been answered through other discovery. [Doc. No. 38, at pp. 20-22.] Based on this information, the Court concludes that a continued deposition of Ms. Maizuss is not necessary for a fair resolution of the case.

At this late date in the proceeding, it is also this Court's view that plaintiff has not established good cause for requiring Ms. Maizuss to appear again for a continued deposition. Although the trial date has not yet been set, the wrongful termination alleged in the Complaint occurred about eight years ago on July 6, 2010, and plaintiff exhausted his administrative remedies thereafter. [Doc. No. 1, at pp. 3, 6.] The Complaint in this action was filed on September 19, 2016, so the case has been pending in this Court for almost two years, and the deadlines in the original Scheduling Order have already been extended several times. [Doc. No. 33, at pp. 2-3.] Defendant's Motion for Summary Judgment is currently pending before the District Court. [Doc. No. 37.] Although the final Pre-Trial Conference and related deadlines have been vacated pending the outcome of defendant's Motion for Summary Judgment, these dates will be re-scheduled, if necessary, immediately following the District Court's ruling on the Motion for Summary Judgment. [Doc. No. 43.] A Case Management Conference to re-set the final Pre-Trial Conference is currently scheduled for August 31, 2018. [Doc. No. 44.]

Based on the information provided by the parties, it is apparent that plaintiff's counsel made no real attempt to follow the agreed schedule for the depositions that were set for March 20, 2018 by mutual agreement, and essentially ignored the Court's Order to keep the depositions "as brief as possible." [Doc. No. 33, at p. 14-16.] As outlined more fully above, plaintiff's counsel arrived late to his office on March 20, 2018 (*i.e.*, the agreed location for the depositions), so the first deposition started late. Even though plaintiff's counsel previously agreed to the starting times for the two remaining depositions, including the deposition of Ms. Maizuss, both of these depositions began long after the scheduled times. [Doc. No. 38, at pp. 12, 14-15.] Thus, without more, there is nothing to indicate

plaintiff's counsel even attempted to follow the agreed schedule for the three depositions on March 20, 2018.

Not only did Ms. Maizuss miss a day of work and wait more than four hours for her deposition to begin on March 20, 2018, she was previously deposed on May 20, 2011 during the underlying administrative action. [Doc. No. 38, at p. 15, 20.] In addition, she gave a thirteen-page written statement on December 14, 2010. [Doc. No. 38, at p. 20.] Plaintiff has not presented anything to indicate the prior deposition and written statement were in any way inadequate or incomplete. In addition, the events giving rise to this action took place more than eight years ago, so it stands to reason that the prior deposition and statement by Ms. Maizuss, which were completed earlier and closer to the events at issue, are sufficient to reach a fair resolution of the current litigation. [Doc. No. 38, at p. 20-22; Doc. No. 33, at p. 2.] If this was not the case, the Court would expect to see an unquestionable and noteworthy effort on the part of plaintiff's counsel to make sure he had enough time on the scheduled day of March 20, 2018 to question Ms. Maizuss about key issues in the case. No such effort is evident on the record before the Court. [Doc. No. 38, at pp. 1-23.] In other words, the record indicates plaintiff was not diligent in obtaining discovery within the guidelines set by the Court. It also appears highly unlikely that another deposition of Ms. Maizuss would uncover any new, relevant evidence that would alter the course of the litigation.

Plaintiff's request for a continued deposition of Ms. Maizuss is also untimely. Fact discovery in the case has been closed since September 15, 2017 and was extended three times for the limited purpose of completing depositions, including the deposition of Ms. Maizuss. The final deadline for completing depositions was March 29, 2018. [Doc. No. 33, at pp. 2-3, 5-6, 14.] The deadline for filing pre-trial motions was April 16, 2018. [Doc. No. 36, at pp. 1-2] On April 16, 2018, defendant filed a timely Motion for Summary Judgment that is currently pending before the District Court. [Doc. No. 37.] Plaintiff did not file the instant Joint Motion until May 4, 2018, after the pre-trial motions deadline had passed. [Doc. No. 38.]

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an order compelling a continued deposition of Ms. Maizuss is DENIED as untimely and for failure to establish good cause.

 IT IS SO ORDERED.

Dated: July 26, 2018

Hon. Karen S. Crawford
United States Magistrate Judge